UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THRIVENT FINANCIAL FOR LUTHERANS and :
THRIVENT INVESTMENT MANAGEMENT INC., :
                Petitioners,     :       **PETITION TO CONFIRM**
vs.                                            :       **ARBITRATION AWARD**

CHRISTOPHER W. BIBOW, :
                Respondent. :

---

Petitioners, Thrivent Financial for Lutherans ("Thrivent") and Thrivent Investment Management Inc. ("TIMI"), allege as follows:

## NATURE OF ACTION AND JURISDICTION

1. This is a Petition and Application to confirm an arbitration award pursuant to the Federal Arbitration Act, 9 U.S.C. § 9.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C § 1332, in that it is an action between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interests and costs, as described further below.

3. At all relevant times, Thrivent is and has been a corporation organized under the laws of the State of Wisconsin, with its principal place of business in Appleton, Wisconsin.

4. At all relevant times, TIMI is and has been a corporation organized under the laws of the State of Delaware, with its principal place of business in Minneapolis, Minnesota.

5. At all relevant times, Respondent Christopher W. Bibow is and has been a resident of the State of New York and/or the State of Connecticut and is currently a resident of Connecticut.

6. The amount in controversy in this action exceeds $75,000, in that Mr. Bibow's Amended Statement of Claim in arbitration sought damages in excess of $75,000, and the

arbitration award found in favor of Petitioners and did not award Mr. Bibow any damages. In addition, the preclusive effect of the arbitration award will be used as part of the basis to seek dismissal with prejudice of civil claims filed by Mr. Bibow in this Court in a related action (described below), which civil claims involve an amount in controversy in excess of $75,000, exclusive of interest and costs.

## BACKGROUND

7. In 2013 and 2014, Mr. Bibow and Thrivent contracted for Mr. Bibow to serve as a Financial Associate of Thrivent. During the same time period, Mr. Bibow and TIMI contracted for Mr. Bibow to serve as a Registered Representative of TIMI.

8. On August 8, 2014, Thrivent and TIMI notified Mr. Bibow that his contracts with Thrivent and TIMI were being terminated immediately. As described further below, Mr. Bibow has asserted claims against Thrivent and TIMI arising out of and related to his contracts with Thrivent and TIMI, and the termination of those contracts.

9. Pursuant to the Registered Representative Agreement between TIMI and Bibow, dated May 27, 2013, the parties agreed as follows: "Any dispute between Representative and the Company must be arbitrated and will be subject to the provisions of the FINRA Code of Arbitration Procedure." "FINRA" is a reference to the Financial Industry Regulatory Authority, Inc., a private corporation that acts as a self-regulatory organization for brokerage firms and exchange markets. Among other functions, FINRA provides an arbitration forum for disputes between member firms and their registered representatives.

10. On December 12, 2014, Mr. Bibow filed an action in the United States District Court for the Southern District of New York, entitled *Christopher W. Bibow v. Thrivent Financial for Lutherans and Thrivent Investment Financial Management Inc.*, Case No. 1:14-cv-09843-LAK (the "Bibow Lawsuit"). The Bibow Lawsuit asserted claims against Thrivent and

TIMI arising out of and relating to Mr. Bibow's contracts with Thrivent and TIMI and the termination of those contracts.

## THE ARBITRATION PROCEEDING

11.     On December 9, 2014, Mr. Bibow signed a Submission Agreement (a copy of which is attached hereto as Exhibit A) as the first step in submitting his disputes with Thrivent to FINRA arbitration. Mr. Bibow's FINRA Arbitration Submission Agreement stated in part as follows:

> The parties agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement. The parties further agree that a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

12.     On or about December 13, 2014, Mr. Bibow filed a Statement of Claim with FINRA, setting forth claims to be arbitrated against Thrivent and TIMI that arose out of or related to the contracts between Mr. Bibow on the one hand and Thrivent and TIMI on the other, and the termination of those contracts and other related matters (the "Bibow Arbitration"). FINRA assigned Case No. 14-03702 to the Bibow Arbitration.

13.     On or about February 5, 2015, Mr. Bibow filed an Amended Statement of Claim in the Bibow Arbitration. The Amended Statement of Claim remained the operative Claimant's pleading throughout the remainder of the Bibow Arbitration. A copy of the Amended Statement of Claim (excluding exhibits) is attached hereto as Exhibit B.

14.     On or about March 3, 2015, Thrivent and TIMI filed their signed copy of the Arbitration Submission Agreement in the Bibow Arbitration, a copy of which is attached hereto as Exhibit C.

3

15. Mr. Bibow as Claimant and Thrivent and TIMI as Respondents conducted the Bibow Arbitration pursuant to the FINRA Code of Arbitration Procedure.

16. Both Claimant and Respondents conducted discovery, including requests for information and document requests. Thrivent and TIMI eventually produced approximately 28,512 documents totaling 101,271 pages.

17. Both parties had a full opportunity to raise discovery disputes with the arbitration panel. Mr. Bibow brought multiple discovery motions before the FINRA-appointed arbitration panel.

18. The parties exchanged witness and exhibit lists on January 7, 2016, consistent with the FINRA Code of Arbitration Procedure and a scheduling order issued by the arbitration panel. Both parties had the opportunity to provide expert witness testimony in the Bibow Arbitration if they chose to do so. Mr. Bibow identified several potential expert witnesses, but called none of them in the actual arbitration hearings. Both parties amended their exhibit lists on multiple occasions.

19. The arbitration hearings were convened beginning February 1, 2016, before a FINRA-appointed panel of three arbitrators: Ellen Roth; Linda Yarden; and Irene Warshauer. Each of these arbitrators were proposed by FINRA and accepted by the parties in accordance with the FINRA Code of Arbitration Procedure. Ms. Yarden was appointed as the "industry" arbitrator, pursuant to FINRA rules.

20. After the hearings had commenced, Arbitrator Warshauer announced that she could not continue as an arbitrator, due to health reasons. Both Claimant Bibow and the Thrivent Respondents agreed to complete the arbitration with two arbitrators and both stated this agreement on the record during the arbitration.

21. The arbitration proceeded from February 1, 2016 through May 2, 2016. The arbitrators heard opening statements, witness testimony and closing arguments during a total of sixteen days of hearing. Mr. Bibow called 11 witnesses. No witnesses proffered by Mr. Bibow were rejected or not allowed to testify.

22. Thrivent called 11 witnesses to testify, including one witness who had already testified during Mr. Bibow's case.

23. Both parties introduced numerous exhibits. No exhibits offered by Claimant were rejected or excluded by the panel.

24. On May 2, 2016, the parties offered closing arguments. Neither party sought to submit post-hearing briefs. The matter was fully submitted to the two remaining arbitrators as of May 2, 2016.

25. On June 6, 2016, the panel issued its Award in the case (the "Award"). A copy of the Award is attached hereto as Exhibit D.

## GROUNDS FOR CONFIRMATION OF AWARD

26. This Award is subject to confirmation pursuant to 9 U.S.C. § 9, for the following reasons:

   (a) The parties have agreed that a judgment of the court shall be entered upon the Award made pursuant to the arbitration;

   (b) No court is specified in the agreement of the parties to enter judgment on the award, and this Court is the United States District Court in and for the District within which the Award was made; and

   (c) No grounds exist to vacate, modify or correct the Award as prescribed in 9 U.S.C. §§ 10 and 11.

27. None of the grounds for vacating an arbitration award pursuant to 9 U.S.C. § 10 exist in this case:

   (a) The Award was not procured by corruption, fraud or undue means;

  (b) There was no evident partiality or corruption on the part of the arbitrators;

  (c) The arbitrators were not guilty of misconduct in refusing to postpone the hearing, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party had been prejudiced; and

  (d) The arbitrators did not exceed their powers and did not imperfectly execute them in such a manner as to prevent a mutual, final, and definite award upon the subject matter submitted.

28. None of the grounds set forth in 9 U.S.C. § 11 for modification or correction of the Award exist:

  (a) There was no evident material miscalculation of figures and no evident material mistake in the description of any person, thing or property referred to in the Award;

  (b) The arbitrators have not made any award upon a matter not submitted to them; and

  (c) The Award is not imperfect in matter of form in any way not affecting the merits of the controversy.

## RELATED CASE

29. This proceeding to confirm the Award is related to an action already pending in the United States District Court for the Southern District of New York.

30. On December 12, 2014, Mr. Bibow filed the Bibow Lawsuit. Mr. Bibow then sought, and Thrivent and TIMI agreed to, a stay of proceedings in the Bibow Lawsuit pending the outcome of the Bibow Arbitration.

31. As Mr. Bibow stated in a memorandum in support of his motion for a stay, filed with this Court on January 16, 2015, "[m]ost and perhaps all of the claims between the parties are likely to relate to the same facts and be arbitrable in the FINRA Arbitration." (Memorandum in Support of Motion to Stay at 2.)

32. Pursuant to Plaintiff's motion for a stay and 9 U.S.C. § 3 of the Federal Arbitration Act, the Court stayed the Bibow Lawsuit "pending the resolution of FINRA Arbitration Case I.D. 14-03702" on February 28, 2015.

## CONCLUSION

**NOW, THEREFORE,** Petitioners Thrivent and TIMI ask that the Court order as follows:

1. That this Petition be assigned to the Honorable Lewis A. Kaplan, the judge assigned to the Bibow Lawsuit;

2. That the Award issued in the FINRA Arbitration No. 14-03702 be confirmed;

3. That judgment be entered upon the Award in FINRA Arbitration No. 14-03702;

4. That the stay of the Bibow Lawsuit be lifted so that the parties may proceed to the resolution of that action in light of the Award; and

5. For such other relief as the Court deems just and proper.


Dated: June 29, 2016                    **DORSEY & WHITNEY LLP**

                                        By:    s/ David C. Singer
                                            David C. Singer
                                            51 West 52nd Street
                                            New York, NY 10019
                                            Telephone: (212) 415-9200

                                            Melissa Raphan
                                            David Y. Trevor
                                            50 South Sixth Street, Suite 1500
                                            Minneapolis, MN 55402-1498
                                            Telephone: (612) 340-2600
                                            Facsimile: (612) 340-2868

                                        *Attorneys for Thrivent Petitioners*