# EXHIBIT D

# Award
## FINRA Dispute Resolution

In the Matter of the Arbitration Between:

<u>Claimant</u>  
Christopher Warren Bibow

<u>Case Number</u>: 14-03702

vs.

<u>Respondents</u>  
Thrivent Financial for Lutherans  
Thrivent Investment Management Inc.

<u>Hearing Site</u>: New York, New York

Nature of the Dispute: Associated Person vs. Member and Non-Member

## REPRESENTATION OF PARTIES

For Claimant Christopher Warren Bibow: Donald L. Rhoads, Esq., Rhoads Legal Group PC, New York, New York.

For Respondents Thrivent Financial for Lutherans ("Thrivent Financial") and Thrivent Investment Management Inc. ("Thrivent Investment") collectively referred to as the Thrivent Respondents: Melissa Raphan, Esq., Dorsey & Whitney LLP, Minneapolis, Minnesota.

## CASE INFORMATION

Statement of Claim filed on or about: December 13, 2014.  
Amended Statement of Claim filed on or about: February 5, 2015.  
Claimant signed the Submission Agreement: December 9, 2014.

Joint Statement of Answer to Amended Statement of Claim filed by Respondents: March 5, 2015.  
Thrivent Financial signed the Submission Agreement: March 3, 2015.  
Thrivent Investment signed the Submission Agreement: March 3, 2015.

FINRA Dispute Resolution
Arbitration No. 14-03702
Award Page 2 of 7

## CASE SUMMARY

Claimant asserted the following causes of action: breach of contract; wrongful retaliation; tortious interference; unfair competition, misappropriation, and related torts; unjust enrichment and restitution; violation of FINRA Rules and Regulations; trade libel and defamation; intentional or negligent infliction of emotional distress; right of publicity; and withholding of compensation.

Unless specifically admitted in their Answer to the Amended Statement of Claim, Respondents denied the allegations made in the Amended Statement of Claim and asserted various affirmative defenses.

## RELIEF REQUESTED

In the Statement of Claim, Claimant requested compensatory damages in the amount of $100,000,000.00, punitive damages in the amount of $100,000,000.00, statutory interest, attorneys' fees, costs, disbursements incurred in this arbitration, a preliminary injunction and temporary restraining order prohibiting the Thrivent Respondents from further harmful and wrongful behavior; a permanent injunction prohibiting the Thrivent Respondents from further harmful and wrongful behavior; expungement of the Thrivent Respondents' defamatory and false statements concerning the Claimant from the Form U5 statement and anywhere else they appear; corrective actions, including advertisements and notices, addressed to counteract the Thrivent Respondents' defamatory and false statements concerning the Claimant, and putting Claimant back in the position he would have been in but for the Thrivent Respondents' wrongful actions; a declaratory judgment declaring null and void and otherwise releasing the Claimant from any further obligations under the FA Agreement and the RR Agreement, and such other and further relief as the Panel deems just and proper.

In the Amended Statement of Claim, Claimant requested compensatory damages in the amount of $100,000,000.00, punitive damages in the amount of $100,000,000.00, double recovery of all expense reimbursement and earned compensation wrongfully withheld, statutory interest, attorneys' fees, expert fees, costs, disbursements incurred in this arbitration, a declaration that the Thrivent Respondents, their officers, managers, partners, employees and independent contractors converted and stole Claimant's prospective clients, clients, methods, business and past and future revenue; a declaration that the independent contractor scheme applied by the Thrivent Respondents to Claimant and others is a sham and therefore finding that the agents are effectively treated as employees entitled to the protection and benefits that flow from such positions; a declaration that the Thrivent Respondents violated FINRA rules and regulations; revocation and suspension of the securities licenses of the Thrivent Respondents and the Conspirators to enable Claimant at least an opportunity to re-build his business and use

his business method as it was designed; a declaration that the Thrivent Respondents: breached their agreements with Claimant, wrongfully retaliated against him, tortuously interfered with his contractual and business relations, unfairly competed with him, misappropriated and took Claimant's image, prospective clients, clients, method, business and revenue, were unjustly enriched by their actions, and libeled and defamed Claimant; expungement of the Thrivent Respondents' defamatory and false statements concerning the Claimant from the Form U5 statement and anywhere else they appear; corrective actions, including advertisements and notices, addressed to counteract the Thrivent Respondents' defamatory and false statements concerning the Claimant, and putting Claimant back in the position he would have been in but for the Thrivent Respondents' wrongful actions; a declaratory judgment declaring null and void and otherwise releasing the Claimant from any further obligations under the FA Agreement and the RR Agreement, and such other and further relief as the Panel deems just and proper.

In their Answer to the Amended Statement of Claim, Respondents requested dismissal of Claimant's Amended Statement of Claim in its entirety with prejudice, forum fees, costs, expenses, and such other and further relief as the panel deems just and proper.

## OTHER ISSUES CONSIDERED AND DECIDED

The Arbitrators acknowledge that they have each read the pleadings and other materials filed by the parties.

On or about January 14, 2015, Claimant withdrew his request for injunctive relief.

On or about March 22, 2016 Arbitrator Irene Warshauer withdrew from this matter. By Order dated March 25, 2016, the remaining panelists confirmed the parties' acceptance of the panel composition and agreement to proceed with two arbitrators.

The parties have agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

# AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. Claimant's claims are denied in their entirety.

2. The Panel recommends the expungement of the current reason for termination on the Form U5 filed by Thrivent Investment Management Inc. on September 4, 2014 for Christopher Warren Bibow's (CRD # 3103035) registration records maintained by the Central Registration Depository ("CRD"). The Panel recommends that the termination reason in Claimant's U5 be changed to "other." In addition, the Panel recommends that the termination explanation be changed to the following: "Independent contractor agreement terminated for internal reasons unrelated to the sale of securities or insurance." These recommendations are made with the understanding that Claimant Christopher Warren Bibow must obtain confirmation of this award from a court of competent jurisdiction before the CRD will execute the expungement directive.

   The Form U5 is not automatically amended to include the changes indicated above. Claimant Christopher Warren Bibow must forward a copy of the court order to FINRA's Registration and Disclosure Department for the amendments to be incorporated into the Form U5.

3. Any and all relief not specifically addressed herein, including punitive damages, is denied.

# FEES

Pursuant to the Code, the following fees are assessed:

**Filing Fees**
FINRA Dispute Resolution assessed a filing fee* for each claim:
    Initial Claim Filing Fee                                              =$ 1,800.00

*The filing fee is made up of a non-refundable and a refundable portion.*

FINRA Dispute Resolution previously deferred Claimant's non-refundable and a refundable portion of the filing fees. At the conclusion of the matter, the Panel determined to waive the fees.

**Member Fees**
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm that employed the associated person at the time of the events giving rise to the dispute. Accordingly, as a party, Thrivent Investment Management Inc. is assessed the following:
    Member Surcharge                                                      =$ 3,750.00
    Pre-Hearing Processing Fee                                            =$    750.00
    Hearing Processing Fee                                                =$ 5,500.00

**Adjournment Fees**
Adjournments granted during these proceedings for which fees were assessed:

April 26, 2016, adjournment by the parties =$ 1,200.00

1. The Panel has assessed $600.00 of the adjournment fees to Claimant.
2. The Panel has assessed $600.00 of the adjournment fees to Respondents jointly and severally.

**Injunctive Relief Fees**
Injunctive relief fees are assessed to each member or associated person who files for a temporary injunction in court. Parties in these cases are also assessed arbitrator travel expenses and costs when an arbitrator is required to travel outside his or her hearing location and additional arbitrator honoraria for the hearing for permanent injunction. These fees, except the injunctive relief surcharge, are assessed equally against each party unless otherwise directed by the Panel.

1. Christopher Warren Bibow is assessed:

   Injunctive relief surcharge =$ 2,500.00

**Hearing Session Fees and Assessments**
The Panel has assessed hearing session fees for each session conducted. A session is any meeting between the parties and the arbitrators, including a pre-hearing conference with the arbitrators that last four (4) hours or less. Fees associated with these proceedings are:

One (1) Pre-hearing session with a single arbitrator @ $450.00/session =$ 450.00
Pre-hearing conference:   November 18, 2015        1 session

Seven (7) Pre-hearing sessions with the Panel @ $1,200.00/session = $ 8,400.00
Pre-hearing conferences:   June 15, 2015        1 session
                          July 22, 2015        1 session
                          December 16, 2015    1 session
                          January 25, 2016     1 session
                          February 29, 2016    1 session
                          March 25, 2016       1 session
                          April 18, 2016       1 session

FINRA Dispute Resolution
Arbitration No. 14-03702
<u>Award Page 6 of 7</u>

| | | | |
|---|---|---|---:|
| Thirty-Two (32) Hearing sessions @ $1,200.00/session | | | =$38,400.00 |
| Hearing Dates: | February 1, 2016 | 2 sessions | |
| | February 2, 2016 | 2 sessions | |
| | February 3, 2016 | 2 sessions | |
| | February 8, 2016 | 2 sessions | |
| | February 9, 2016 | 2 sessions | |
| | February 10, 2016 | 2 sessions | |
| | February 11, 2016 | 2 sessions | |
| | March 9, 2016 | 2 sessions | |
| | March 10, 2016 | 2 sessions | |
| | March 11, 2016 | 2 sessions | |
| | April 5, 2016 | 2 sessions | |
| | April 6, 2016 | 2 sessions | |
| | April 7, 2016 | 2 sessions | |
| | April 8, 2016 | 2 sessions | |
| | April 27, 2016 | 2 sessions | |
| | May 2, 2016 | 2 sessions | |
| Total Hearing Session Fees | | | =$47,250.00 |

1. The Panel has assessed $23,625.00 of the hearing session fees to Claimant.
2. The Panel has assessed $23,625.00 of the hearing session fees jointly and severally to Respondents.

All balances are payable to FINRA Dispute Resolution and are due upon receipt.

FINRA Dispute Resolution
Arbitration No. 14-03702
Award Page 7 of 7

## ARBITRATION PANEL

| | | |
|---|---|---|
| Ellyn S. Roth | - | Public Arbitrator, Presiding Chairperson |
| Linda Yarden | - | Non-Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm, pursuant to Article 7507 of the Civil Practice Law and Rules, that I am the individual described herein and who executed this instrument which is my award.

**Concurring Arbitrators' Signatures**

*Ellyn S. Roth*
Ellyn S. Roth
Public Arbitrator, Presiding Chairperson

June 6, 2016
Signature Date

Linda Yarden
Non-Public Arbitrator

Signature Date

June 9, 2016
Date of Service (For FINRA Dispute Resolution office use only)

FINRA Dispute Resolution
Arbitration No. 14-03702
Award Page 7 of 7

## ARBITRATION PANEL

| | | |
|---|---|---|
| Ellyn S. Roth | - | Public Arbitrator, Presiding Chairperson |
| Linda Yarden | - | Non-Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm, pursuant to Article 7507 of the Civil Practice Law and Rules, that I am the individual described herein and who executed this instrument which is my award.

### Concurring Arbitrators' Signatures

_____     _____
Ellyn S. Roth                                                              Signature Date
Public Arbitrator, Presiding Chairperson

*[signature]*                                                                 June 7, 2016
_____     _____
Linda Yarden                                                              Signature Date
Non-Public Arbitrator


June 9, 2016
_____
Date of Service (For FINRA Dispute Resolution office use only)